(Del. Rev.12/98)

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE
2013 JUL 24 PM 1:31

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

Shannon J. Lawson

_____
(Name of Plaintiff or Plaintiffs)

v.

Vanguard

_____
(Name of Defendant or Defendants)

CIVIL ACTION No. 13-1278

## COMPLAINT UNDER TITLE VII

## OF THE CIVIL RIGHTS ACT OF 1964

1. This action is brought pursuant to *Title VII of the Civil Rights Act of 1964*, as amended, for **employment discrimination**. Jurisdiction exists by virtue of 42 U.S.C. §2000e-5. Equitable and other relief are also sought under 42 U.S.C. §2000e-5(g).

2. Plaintiff resides at 40 Butternut Ct
(Street Address)
Wilmington    NCC    DE    19810
(City)    (County)    (State)    (Zip Code)
(302) 792-1194
(Area Code) (Phone Number)

3. Defendant resides at, or its business is located at PO Box 1101
(Street Address)
Valley Forge    Chester    PA    19482
(City)    (County)    (State)    (Zip Code)

4. The discriminatory conduct occurred in connection with plaintiff's employment at, or application to be employed at, defendant's Vanguards _____ place of business
(Defendant's Name)
located at PO Box 1101
(Street Address)
Valley Forge    Chester    PA    19482
(City)    (County)    (State)    (Zip Code)

5. The alleged discriminatory acts occurred on __28__, __Oct__, __2010__.
   (Day) (Month) (Year)

6. The alleged discriminatory practice ○ is ● is not continuing.

7. Plaintiff filed charges with the Department of Labor of the State of Delaware,

_____
(Agency)        (Street Address)        (City)

_____, regarding
(County)    (State)        (Zip Code)

defendant's alleged discriminatory conduct on _____, _____, _____.
                                              (Day)    (Month)   (Year)

8. Plaintiff filed charges with the Equal Employment opportunity Commission of the United States regarding defendant's alleged discriminatory conduct on: _____, _____, _____.
                                              (Day)    (Month)   (Year)

9. The Equal Employment Opportunity Commission issued the attached Notice-of-Right-to-Sue letter which was received by plaintiff on: __25__, __Apr__, __2013__.
   (Day) (Month) (Year)

### (NOTE: ATTACH NOTICE-OF-RIGHT-TO-SUE LETTER TO THIS COMPLAINT.)

10. The alleged discriminatory acts, in this suit, concern:
    A. ○ Failure to employ plaintiff.
    B. ● Termination of plaintiff's employment.
    C. ○ Failure to promote plaintiff.
    D. ○ Other acts (please specify below)

_____

_____

_____

_____

_____

11. Defendant's conduct is discriminatory with respect to the following:
    A. ○ Plaintiff's race   (F) Plaintiff's ADA ●
    B. ○ Plaintiff's color
    C. ○ Plaintiff's sex
    D. ○ Plaintiff's religion
    E. ○ Plaintiff's national origin

12. A copy of the charges filed with the Equal Employment Opportunity Commission is attached to this complaint and is submitted as a brief statement of the facts of plaintiff's claim.

13. If relief is not granted, plaintiffs will be irreparably denied rights secured by Title VII of the 1964 CivilRights Act, as amended.

14. Plaintiff's has no adequate remedy at law to redress the wrongs described above.

**THEREFORE, Plaintiff prays as follows: (Check appropriate letter(s))**

A. ● That all fees, cost or security attendant to this litigation be hereby waived.
B. ○ That the Court appoint legal counsel.
C. ○ That the Court grant such relief as may be appropriate, including injunctive orders, damages, cost and attorney's fees.

**I declare under penalty of perjury that the foregoing is true and correct.**

Dated: 7.24.2013

*Shannon J Lawson*
(Signature of Plaintiff)

_____
(Signature of additional Plaintiff)

EEOC Form 161 (rev 2/17/08)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Shannon Lawson
40 Butternut Court
Wilmington, DE 19810

From: Equal Employment Opportunity Commission
Philadelphia District Office
801 Market Street, Suite 1300
Philadelphia, PA 19107-3127

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2012-00981 | Legal Unit | (215) 440-2828 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[ ] Your charge was not timely filed with EEOC. In other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS from your receipt of this Notice**; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Spencer H. Lewis, Jr., District Director

4/25/13 (Date Mailed)

Enclosure(s)
Information Sheet

cc: VANGUARD GROUP INC
Martin D Haverly, Esq. (for Charging Party)
Sean W Sloan, Esq. (for Respondent)

Enclosure with EEOC
Form 161 (11/09)

13-1278

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS --** **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

### PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 -- *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

### ATTORNEY REPRESENTATION -- Title VII, the ADA or GINA:

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

### ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Philadelphia District Office**

801 Market Street, Suite 1300
Philadelphia, PA 19107-3127
(215) 440-2600
TTY (215) 440-2610
FAX (215) 440-2632, 2848 & 2604

April 12, 2013

13-12?8

Shannon Lawson
40 Butternut Court
Wilmington, DE 19810

Our Reference:     Charge Number 530-2010-00981
                   Shannon Lawson v. Vanguard Group, Inc.

Dear Ms. Lawson:

This letter is submitted to you to explain the Commission's findings in the referenced charge. After careful review of the evidence which was provided by you and your employer, it does not appear that further investigation by the EEOC will result in a finding in your favor. In your charge, you alleged a violation of Title VII of the Civil Rights Act of 1964 and a violation of the Americans with Disabilities Act.

The Respondent denies that it discriminated against you. When a charge of discrimination is filed with the Commission, the Commission reviews evidence presented by all parties to determine whether the elements of proof have been met. You were sent a copy of the Respondent's statement of position and given an opportunity to provide a written response.

In your charge you alleged that you were subjected to disparate treatment. Disparate treatment occurs when an employer treats some individuals less favorably than other similarly situated individuals because of their race, color, religion, sex, or national origin. To prove disparate treatment, the charging party must establish that respondent's actions were based on a discriminatory motive. This does not mean, however, that the charging party must establish that respondent deliberately or willfully discriminated against him/her by submitting proof of respondent's subjective state of mind. The courts and the Commission have recognized that it is difficult and often impossible to obtain direct evidence of discriminatory motive. They have held that discriminatory motive can be *inferred* from the fact of differences in treatment.

You specifically stated that beginning in late 2009 after your son was diagnosed with a medical condition and after falling under the supervision of Ms. Laudato you were subjected to discipline, poor performance evaluations and forced to resign on the basis of your race, your son's medical condition, taking FMLA leave, and retaliation. The evidence shows that the Respondent noted your performance deficiencies beginning in 2008. Mr. Drewes identified "Development areas" to you as early as June 2008, and Ms. Mitchum rated your 2008 performance as "Further Development Needed" in January 2009. The evidence also shows that your performance did not improve. The Respondent issued and extended performance warnings and sought to place you into a position that was better suited for you. There is no evidence that you were subjected to unlawful practices or conditions so adverse that a reasonable person would not continue to tolerate the situation.

For the reasons previously discussed herein, a recommendation for dismissal will be made. When your charge is dismissed, we will issue you a Dismissal and Notice of Rights which will enable you to file suit in U.S. District Court within 90 days of your receipt of that Notice if you wish to pursue this matter further.

After your file has been closed, should you wish to obtain a copy of the administrative file for this charge, please write to the following address to make such a request. You must do so within the above-referenced 90-day period, which can be extended if you do file a lawsuit in court concerning this matter. Please be advised that there may be a fee if you make such a request for file disclosure.

    File Disclosure Unit
    EEOC-Philadelphia District Office
    801 Market St., Suite1300
    Philadelphia, PA 19107

We regret that we could not be of further service to you in this matter.

                                                            Sincerely,

                                                            Damon A. Johnson
                                                            Federal Investigator

CC:    Martin D. Haverly, Esquire
          Attorney at Law
          Delle Donne Corporate Center
          1011 Centre Road, Suite 117
          Wilmington, DE 19805